NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JESUS MEDINA LOPEZ, *Appellant.*

No. 1 CA-CR 15-0135
FILED 12-3-2015

Appeal from the Superior Court in Yuma County
No. S1400CR201400364
The Honorable Stephen J. Rouff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office
By Joseph T. Maziarz, Phoenix
*Counsel for Appellee*

Yuma Public Defender's Office
By Edward F. McGee, Yuma
*Counsel for Appellant*

### MEMORANDUM DECISION

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Lawrence F. Winthrop joined.

**T H O M P S O N**, Judge:

¶1 This case comes to us as an appeal under *Anders v. California,* 386 U.S. 738 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Jesus Medina Lopez (defendant) has advised us that, after searching the entire record, he has been unable to discover any arguable questions of law and has filed a brief requesting this court conduct an *Anders* review of the record. Defendant has been afforded an opportunity to file a supplement brief *in propria persona,* but has not done so.

¶2 In March 2014, defendant's mother reported to the police that defendant took money from her bank account without her consent. A San Luis police officer responded and questioned defendant in the front yard of his home. The officer noticed that defendant's front pockets were bulky and conducted a pat down to search for weapons. The officer felt an object in defendant's pocket and asked him if we would remove it. Defendant agreed and pulled out receipts from an ATM machine, several lighters, and a small plastic wrapping containing methamphetamine. The officer arrested defendant and read him his Miranda rights. Defendant later admitted to taking the money from his mother's bank account, driving to Mexico, and buying beer and methamphetamine.

¶3 The state charged defendant with one count of possession of dangerous drugs, a class four felony, and one count of possession of drug paraphernalia involving methamphetamine, a class six felony. The defendant moved to suppress the evidence and the statements he made to the officer, and the court held an evidentiary hearing to consider the motions. After the presentation of evidence, the court denied the motions.

¶4 Defendant waived his right to a jury trial and agreed to the court taking judicial notice of the evidence presented at the evidentiary hearing. After a bench trial, the court found defendant guilty of possession of dangerous drugs. The court suspended imposition of sentence, placed defendant on thirty-six months supervised probation, and imposed a $1,830 fine.

**¶5**　　　　　We have read and considered defendant's *Anders* brief, and we have searched the entire record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory limits. Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984), defendant's counsel's obligations in this appeal are at an end.

**¶6**　　　　　We affirm the conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: ama